ANNIE McCORMICK & another *vs.* WILLIAM J.
McLAUGHLIN, administrator, & others.

Norfolk.    April 3, 1946. — June 3, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Trust,* Implied trust. *Real Property,* Straw owner. *Contract,* Termination,
Death of party.

On facts found by a master, a conveyance of real estate to the grantor's
brother and his wife was not to them as mere straws for the grantor
but as full owners, and created no implied trust in favor of the grantor.

An agreement among members of a family to live together as such on
land owned by one of them, and for the sharing of the household
expenses, terminated upon the death of the landowner, and the sur-
vivors were not entitled to have the heirs of the landowner enjoined
from evicting them.

BILL IN EQUITY, filed in the Superior Court on July 17,
1945.

By order of *Donahue,* J., there were entered an inter-
locutory decree confirming a master's report and a final
decree dismissing the bill. The plaintiffs appealed.

*H. F. Blunt,* for the plaintiffs.

*J. M. J. Hurley,* (*C. S. Williams* with him,) for the
defendants.

LUMMUS, J. This is an appeal from a final decree dis-
missing the bill with costs, after the facts had been estab-
lished by the confirmation of a master's report.

In 1921 the plaintiff Annie McCormick, evidently an
unmarried woman (hereinafter called the plaintiff), acquired
under the will of her father a house and lot of land on
Atherton Street in Stoughton, which was the family home.
In 1932, while living there with her brothers Frank and
William, she mortgaged the property to the Stoughton Co-
operative Bank for $1,600. In 1935 the property had be-
come run down, the taxes and other required payments had
not been paid, the bank was unwilling to deal with the plain-
tiff further, and she knew that unless a new arrangement
should be made the property would be lost by foreclosure.

On January 15, 1935, the plaintiff conveyed the property to her brother William and his wife Elizabeth, and they replaced the old mortgage by a new mortgage to the bank for $1,600. At about the same time Elizabeth, who had been living in New Hampshire, moved her furniture into the house, and she, her husband, the plaintiff and Frank began to live there as one family. An arrangement was made for sharing the household expenses, under which the plaintiff was to contribute $6 a week.

The master did not accept the testimony of the plaintiff and Frank that William and Elizabeth were to hold title merely as "straws" for the plaintiff. He found that they claimed and exercised full ownership, paid for all taxes and repairs, and reduced the mortgage. On October 25, 1938, William conveyed his interest in the property to his wife Elizabeth. All these facts were known to the plaintiff, and she never made any protest or claim while William or Elizabeth lived. The earnings of the plaintiff were small, and she paid nothing beyond the $6 a week that she agreed to pay.

William died on March 3, 1939, and Elizabeth on February 1, 1945.

The bill, filed on July 17, 1945, seeks to restrain the defendants, the administrator of the estate of Elizabeth, and her heirs, from evicting the plaintiff and her brother Frank, and to enforce an implied trust in favor of the plaintiff.

The only agreement made for the benefit of the plaintiff or her brother Frank was that they, with William and his wife Elizabeth, should live together as one family, they making certain contributions to the household expenses. Obviously that gave them no right in the real estate. When the family was disrupted by the deaths of William and Elizabeth, they could no longer perform the agreement, and it was at an end. As the master found, "neither Annie [the plaintiff] nor Frank took into consideration the possibility of the death of both" William and Elizabeth. Nothing in the agreement protected the plaintiff and Frank against that possibility.

*Decree affirmed with costs.*